### KAKUNIS v. OGDEN RAPID TRANSIT CO.

No. 4014. Decided December 12, 1923. (221 Pac. 853.)

1. APPEAL AND ERROR—RECORD OF EVIDENCE NOT CONTROLLING IN DE-TERMINING WHETHER FINDINGS AGAINST WEIGHT OF EVIDENCE. The record of evidence in a personal injury suit is not controlling in determining whether findings of the trial judge who saw and heard the witnesses are against the weight of the evidence.

2. STREET RAILROADS—ONE ENTERING UNPAVED PART OF STREET NOT TRESPASSER. The part of a public street occupied by street car tracks remains a part of the street, though not paved, and one entering thereon is not a trespasser.

3. STREET RAILROADS—MOTORMAN BOUND TO HAVE CAR UNDER CON-TROL, PERMITTING STOP WITHIN DISTANCE HEADLIGHTS DISCLOSE

AUTOMOBILE. It was the duty of a motorman operating a street car at night, during a rain storm, along a public street, with the condition of which he was fully acquainted, to have his car under such control that he could stop it within the distance that his headlights would disclose an automobile on the track on an unpaved part of the street separated by curbs from the paved portions.

4. STREET RAILROADS—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE HELD FOR JURY. Negligence of a motorman in failing to have his car under such control on a dark night as to be able to stop it in time to avoid striking an automobile on the track on an unpaved portion of the street between curb lines, separating it from adjoining paved portions, and the automobile driver's contributory negligence *held* for the jury.

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

Action by James Kakunis against the Ogden Rapid Transit Company. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*DeVine, Howell, Stine & Gwilliam,* of Ogden (*A. W. Agee,* of Ogden, of counsel), for appellant.

*John F. Tobin,* of Salt Lake City, and *T. J. Maginnis,* of Ogden, for respondent.

FRICK, J.

The plaintiff recovered judgment against the defendant for damages to his automobile, which, he alleged, were caused through the negligence of the defendant in causing one of its street cars to run against plaintiff's automobile while he was lawfully upon one of the public streets of Ogden City, Utah.

The defendant in its answer denied the alleged acts of negligence, and averred that the accident and consequent damages to the automobile were caused through the negligence of the plaintiff and not otherwise.

The accident occurred on one of the principal streets of Ogden City. The evidence is to the effect that the accident occurred on October 23, 1921, at about 7 o'clock p. m. and at a time when it was very dark, and was raining very hard. There is some evidence that there was some snow mingled with the rain.

We here append a sketch of the locality where the accident occurred, in the hope of making clearer the actual situation that confronted the owner of the automobile, as well as the street car operative.

The heavy black lines indicate the street boundaries of Washington avenue, one of the principal streets of Ogden City. The avenue runs north and south. The shaded por-

tions indicate that portion of the street which is paved with concrete pavement. The unpaved strip in the center of the street is occupied by the railway company for its street car track. The paved portion of the street is divided into two strips, one east of the center of the street and one on the west thereof. In going north, the travel is on the easterly paved strip, and in going south the westerly paved strip. The street running east and west across Washington avenue is North street, and marks the north boundary of Ogden City. The street car track is indicated on the plat. On either side of the strip occupied by the street car track there is a curb which is considerably higher than the paved surface of the street. North of North street there is but a single strip of pavement. The accident in question occurred at the point marked X on the street car track.

On the night in question the plaintiff was coming from the north, and was driving south on Washington avenue. The night being very dark, with a heavy rain falling at the time, the plaintiff, as the evidence disclosed, not being familiar with the streets at that point, after crossing North street, continued straight south on the car track until he had driven onto the unpaved portion which was occupied by the street car track. That portion being rough, plaintiff discovered that he was off the pavement, and when he and those with him in the automobile, which was a closed sedan, discovered that fact, plaintiff stopped the automobile, and they then sought to extricate it from its situation by attempting to lift or force it over the westerly curb onto the westerly paved portion of Washington avenue. The curb being considerably higher than the roadway, the occupants of the automobile encountered considerable difficulty in their efforts to get the wheels of the automobile over the curb. While the automobile was in that situation a street car approached from the south and some of the automobile party seeing it ran out and tried to signal the motorman to stop the car. They did not succeed in doing so, and the street car ran into the automobile, which was on the track near the westerly curb, and damaged it.

The court, after finding that the plaintiff was in the exer-

cise of due care in driving his automobile, and that he was placed in the dilemma before stated on the defendant's track without fault on his part, further found:

"That shortly after said automobile became stalled, a street car of defendant company approached from the south; that several persons ran toward said approaching street car a considerable distance waving their arms and shouting in an effort to warn the motorman and avert the collision; that notwithstanding said efforts of said persons to warn the motorman on said street car, the said motorman failed and neglected to stop said street car, although, if he had been observing, he could have seen and heard said persons giving said warnings; and by reason of said negligence and carelessness upon the part of said motorman said street car was violently driven into and upon and against the said automobile of the plaintiff, damaging and injuring said automobile; that said collision of said street car of the defendant company with said automobile of plaintiff was caused by the carelessness and negligence of the said motorman as aforesaid, and was not caused by any carelessness or negligence upon the part of said plaintiff."

The court also found the extent of the damages, made conclusions of law, and entered judgment accordingly. The defendant assails both the findings of fact and conclusions of law.

Counsel insist that there is no evidence justifying the court's finding that the motorman was negligent in not stopping the car in time to avoid damaging plaintiff's automobile. In that connection counsel urgently contend that in view of the uncontradicted evidence that the night was very dark and a heavy rain falling with a driving wind from the north, the evidence is insufficient to justify the court's finding of negligence. They also contend that the great weight of the evidence sustains the motorman's statements that the street car was running at a moderate rate of speed.

We could subserve no good purpose in setting forth the evidence as it appears in the bill of exceptions. If the record of the evidence were to control, the writer would be inclined to the opinion that the weight of the evidence is as counsel contend. The record can, however, not control. The trial judge saw and heard the witnesses while testifying. He observed their conduct and demeanor, and

hence was in a position to determine what weight, if any, should be given to the statements of the several witnesses. It is impossible for us to do that from the record. There is at least some substantial evidence in the record from which negligence on the part of the motorman may be inferred. We have attempted to give the reader a clear understanding of the situation and condition of the street at the point where the accident occurred. From the sketch it seems easy to understand why one not familiar with the condition of Washington avenue in coming from the north on a dark night might continue along the street car track, and thus find himself hemmed in between the two curb-lines on the rough portion of the street car track. True, the evidence shows, as counsel suggest, that, if the plaintiff had continued driving south on the street car track until he intercepted the next street crossing to the south, which was only several hundred feet away, he would have had no difficulty in getting onto the paved portion of Washington avenue. No doubt, if plaintiff, or those with him, had been aware of that fact, it not only would have been his duty to do so but it may be assumed that he would have pursued the easiest course out of his dilemma. Plaintiff, however, was a stranger, and not aware of the street crossing to the south. Upon the other hand, we must assume, until the contrary appears, that the motorman who was operating the street car was fully acquainted with the condition of Washington avenue throughout its entire length. Being thus acquainted, he was bound to know that it was not improbable that some one coming from the north on a dark night might drive along the street car track, which was made visible by the headlights of his automobile and which track, he had a right to assume, was somewhere near the center of the street. That portion of the street occupied by the street car track remains a part of the public street, notwithstanding that it was not paved, and the plaintiff was not a trespasser in entering upon it. The court was therefore justified in finding that the motorman was negligent in not having his car under control on a dark night and at a place where some one might be on the track

10    SUPREME COURT OF UTAH    [Dec.

Cache Auto Co. v. Cent. Garage, 63 Utah 10

for the reasons just stated. Under the conditions disclosed by the evidence, and at a place like the one we have described, it certainly was the duty of the motorman to have his car under such control that he could stop it within the distance that his headlights would disclose objects on the track, certainly objects as large as an automobile. True, counsel contend that it was the rain storm that prevented the motorman from seeing far enough ahead to stop the car in time to avoid the collision. The rain storm was, however, a constant reminder to him to exercise care commensurate with the danger. He could not assume that some one might not be on the track. Keeping in mind all the conditions at the place of the accident, it was not unreasonable for the motorman to assume that some vehicle might get caught between the curb lines at the point in question. All these matters were for the trial court to consider, and from the findings it appears it did consider them, and having done so we cannot interfere.

While in view of all the circumstances the case may be considered a close one respecting the motorman's negligence, yet it is not such a case that a reviewing court would be justified in holding as a matter of law that the motorman was free from negligence or that the plaintiff was guilty of contributory negligence barring a recovery.

From what has been said it follows that the judgment should be and it accordingly is affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.